UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-CR-259-TWP-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| WILLIE FERRELL | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16-cr-00259-TWP-MJD ) |
| WILLIE FERRELL, | ) -01 |
| Defendant. | ) ) ) |

**Order Denying Second Motion for Compassionate Release**

On June 2, 2020, Defendant Willie Ferrell ("Ferrell") filed his first Motion for Order of Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by § 603 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Dkt. 226. Ferrell asked the Court to reduce his sentence of imprisonment to time served because of the Coronavirus pandemic. Counsel was appointed and represented Ferrell. The motion was fully briefed and ultimately denied because "Ferrell's personal characteristics do not convince the Court that he is no longer a danger to the safety of others or the community. . . ." Dkt. 230 at p. 12.

Less than six months has passed, and Ferrell is now before the Court with his second motion for compassionate release. Ferrell argues that he is now entitled to relief because of a change in U.S. Department of Justice (DOJ) policy, because there is an outbreak of COVID-19 cases at FCI-Milan, and because concerns regarding his danger to the community can be resolved via a term of home confinement with GPS monitoring. For the reasons set forth in the Order of July 8, 2020, and the reasons set forth below, the second motion for compassionate release, dkt [235], is **denied.**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Court ultimately possesses broad discretion to determine what constitutes an "extraordinary and compelling reason" under the statute. *United States v. Gunn*, __ F.3d __, 2020 WL 6813995, at *2. That said, in keeping with the Seventh Circuit's direction in *Gunn*, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in U.S.S.G. § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion. *See Gunn*, 2020 WL 6813995, at *2.

First, Ferrell claims that under current DOJ policy, the DOJ would concede that his medical conditions put him at a higher risk for severe illness from COVID-19 and that this is an extraordinary and compelling reason entitling him to compassionate release. However, when the Court considered Ferrell's request for compassionate release in July of this year, it held that even if Ferrell's underlying health conditions are assumed to be extraordinary and compelling that he was not entitled to relief because he is a danger to the safety of others and the community. Dkt. 230 at p. 9-10. Nothing has changed in this regard since Ferrell's first motion for compassionate release was denied.

Second, an outbreak of COVID-19 cases at FCI-Milan, does not indicate a different result. Again, Ferrell's original motion was denied because he poses a danger to the safety of others and

the community, not because FCI-Milan had limited transmission of COVID-19 at the time of the Court's earlier decision.

Third, the Court previously held that each of the four factors in § 3142(g) weigh in favor of finding that Ferrell presents a danger to the community. Dkt. 230 at p.10. The Court concluded that there is an unacceptable likelihood that, upon his release, Ferrell will return to criminal and violent enterprises. Nothing in the past few months has changed this assessment. Ferrell now argues that his many of his violent crimes occurred before his mid-twenties when he lacked maturity and his brain was not fully developed. Dkt 235 at p. 10. He asserts that given his current age he only has a 42.4% chance of reoffending. *Id.* at p. 11. The Court fully considered the circumstances of Ferrell's past conduct and his risk of recidivism upon release when denying his First Motion for Compassionate Release. Those circumstances have not changed.

Accordingly, Ferrell's Second Motion for Compassionate Release, dkt [235], is **denied.**

**IT IS SO ORDERED.**

Date:   12/14/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Mr. Willie Ferrell
Reg. No. 15480-028
Federal Correctional Institution
P.O. Box 1000
Milan, MI  48160-0190