UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00259-TWP-MJD |
| | ) | |
| WILLIE FERRELL, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Order Denying Motion to Reconsider**

On June 2, 2020, Defendant Willie Ferrell filed a motion that the Court construed as a motion for compassionate release under § 603 of the First Step Act, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 226. Ferrell asked the Court to reduce his sentence of imprisonment to time served because of the COVID-19 pandemic. Counsel was appointed and represented Ferrell. The motion was fully briefed and ultimately denied on July 8, 2020, because "Ferrell's personal characteristics do not convince the Court that he is no longer a danger to the safety of others or the community. . ." under the factors set forth in 18 U.S.C. § 3142(g). Dkt. 230 at 12.

On November 18, 2020, Ferrell filed a renewed motion for compassionate release. Dkt. 235. Ferrell argued that he was entitled to relief because of a change in U.S. Department of Justice policy, because there was an outbreak of COVID-19 cases at FCI-Milan, and because concerns regarding his danger to the community could be resolved via a term of home confinement with GPS monitoring. Dkt. 235. The Court denied the renewed motion for compassionate release on December 14, 2020, reasoning that none of the information Ferrell provided changed its conclusion that he would be a danger to the community if released. Dkt. 237.

A few weeks later, Ferrell filed another motion asking the Court to reconsider its December 14 Order. Dkt. 238. That motion is presently before the Court. The Court concludes that no response from the United States is required to resolve the issues presented by Ferrell's motion.

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a final judgment or order in six discrete circumstances, only three of which are potentially relevant to this case: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "The district court has great latitude in making a Rule 60(b) decision because that decision is 'discretion piled on discretion.'" *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)). Relief under Rule 60(b) is an "extraordinary remedy . . . granted only in exceptional circumstances." *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017); *see also Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) ("As we have said often, Rule 60 relief is limited to extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely the erroneous application of law." (internal quotation marks and citations omitted)).[1]

---

[1] The Court received Ferrell's motion to reconsider more than 28 days after it denied his renewed motion for compassionate release. Thus, the Court considers it as a Rule 60 motion. There is no legible postmark on Ferrell's envelope and he did not include a certificate of service. Because, however, Ferrell mailed his motion to the Court, he may have mailed it less than 28 days after the Court's December 14 Order. To the extent that Ferrell's motion should be considered under Federal Rule of Civil Procedure 59, the result does not change. Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). For the reasons stated in this Order, Ferrell has not shown that relief is warranted under Rule 59.

Here, Ferrell has not established any special circumstances that would justify the extraordinary remedy of relief under Rule 60(b). First, Ferrell contends the United States promised him certain sentencing considerations during plea negotiations but that he never received those considerations. Dkt. 238 at 2. Second, he contends that he provided substantial assistance to law enforcement in another case. *Id.* at 2–3. Neither of these contentions has any bearing on the Court's conclusion that Ferrell would pose a danger to the community if released.

Third, Ferrell contends that any concern the Court has about releasing him can be mitigated by imposing a term of supervised release with home confinement and GPS monitoring as conditions. *Id.* at 1. The Court considered and rejected the same argument in denying Ferrell's renewed motion for compassionate release. *See* dkt. 237. Ferrell has not provided any new arguments in support of this position.

Finally, Ferrell maintains that the Court should change its finding that he would present a danger to the community if released because he has continued to rehabilitate himself, noting that he will soon complete the rehabilitation program on drug education and that he recently took a new job at his facility's UNICOR factory. *Id.* at 4. He also contends that, after the Court's December 14 Order, the Bureau of Prisons reevaluated his risk of recidivism and changed his recidivism risk from medium to low (general)/medium (violent). *Id.* at 3; *see also* dkt. 238-5. The Court commends Ferrell for his continued efforts at rehabilitation and encourages him to continue with those efforts and to make the most of his employment with UNICOR. However, the Court determined that Ferrell would be a danger to the community if released just 7 months ago. Dkt. 237. That determination was based in large part on Ferrell's criminal record (which includes firing a handgun during a drug transaction and engaging in sexual misconduct that injured a minor victim), the fact that he was on probation for another offense the entire time he was trafficking cocaine and heroin

in connection with this case, and his BOP disciplinary record (which includes a write-up for possessing a hazardous tool in 2019). *Id.* None of those facts has changed. As a result, neither the fact that Ferrell has engaged in an additional 7 months of rehabilitation nor the fact that the BOP changed his recidivism risk rating convinces the Court that Ferrell would no longer be a danger to the community if released.

Ferrell has not shown that the Court erred in denying his renewed motion for compassionate release or that Rule 60(b) warrants reconsideration of its December 14 Order. Accordingly, Ferrell's motion to reconsider, dkt. [238], is **denied**.

**IT IS SO ORDERED.**

Date:  2/10/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Mr. Willie Ferrell
Reg. No. 15480-028
Federal Correctional Institution
P.O. Box 1000
Milan, MI  48160-0190