UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-00259-TWP-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| WILLIE FERRELL | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00259-TWP-MJD |
| | ) | |
| WILLIE FERRELL, | ) -1 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING RENEWED MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Willie Ferrell's ("Ferrell") Renewed Motion for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 286.) Ferrell writes that his current release date is August 12, 2024, and he requests a short sentence reduction so that he may receive a time-served sentence. *Id*. For the reasons explained below, his motion is **DENIED**.

### I.     Background

In March, 2019, Ferrell pled guilty to Count One of the Indictment, Conspiracy to Possess with Intent to Distribute and to Distribute 5 Kilograms or More of Cocaine. (Dkt 177; Dkt. 182.) His advisory guideline sentencing range was 168 to 210 months imprisonment. (Dkt. 172 at 16.) He was sentenced to a downward departed term of 130 months imprisonment. (Dkt. 182 at 2.) Between 2015 and 2016, Ferrell received shipments of cocaine and heroin which he distributed in the Indianapolis, Indiana area. (Dkt. 159 at 9–11.) Ferrell was responsible for the distribution of 5 kilograms of cocaine and 1 kilogram of heroin. *Id.* at 11.

Ferrell argues that he establishes "extraordinary and compelling" reasons warranting his compassionate release because (1) his medical conditions render him immunocompromised and

2

therefore at risk of serious illness were he to contract COVID-19, (2) he is needed at home to provide financially for his grandchildren, and (3) he has undergone substantial rehabilitation while incarcerated. (Dkt. 286 at 9, 13.)

Mr. Ferrell filed this motion nearly a year ago, on February 7, 2023. It appears that he has already been released from prison, as the BOP inmate database now shows his place of incarceration as the Residential Reentry Management field office in Detroit, Michigan ("Detroit RRM"). https://www.bop.gov/inmateloc/ (last visited December 19, 2023). Given his release, the Court ordered Ferrell to show cause why his motion should not be denied. (Dkt. 287.) Ferrell responded to the Court's order on November 8, 2023, arguing that he remains at risk of contracting COVID-19 (while in the residential facility) and is unable to provide care for his grandchildren unless he is placed on supervised release. (Dkt. 288.) Ferrell also argues that his rehabilitation should be taken into account in determining whether extraordinary and compelling reasons for release are present. *Id.* The Court has concluded that it can resolve the motions without a response from the United States.

## II.   Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563

(7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered said amendments while adjudicating Defendant's motion, as appropriate.

Ferrell's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. Ferrell argues that his asplenia (that is, lack of a spleen) along with his medical history including a collapsed lung, smoking, hypertension, and obesity, render him immunocompromised and at risk of severe consequences were he to contract COVID-19. (Dkt. 286 at 9–11.)

Ferrell has not, however, suggested any manner in which placement on supervised release would decrease his chances of contracting COVID. *See United States v. Shorter*, 27 F.4th 572, 576 (7th Cir. 2022) (holding a defendant's transfer to home confinement rendered his compassionate release motion moot and noting that "just as supervision by the U.S. Probation Department will not increase an inmate's risk from COVID-19, neither will home confinement increase Mr. Shorter's risk." (cleaned up)). Moreover, even if home confinement creates an increased risk of COVID-19 relative to supervised release, he has presented no evidence whether or not he is vaccinated and no evidence that he is unable to receive or benefit from the vaccine. The Seventh Circuit has said, regarding prisoners, that "vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."

4

*United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The Court finds no reason this reasoning would not apply equally to those serving a home confinement sentence. For these reasons, the Court declines to exercise its discretion to find that Ferrell has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *U.S. v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022); *U.S v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023).

Ferrell's next asserted extraordinary and compelling reason for his release is that he is needed at home to provide financial support for his grandchildren. (Dkt. 286 at 13–14.) He states he is the only one available to provide financially for his grandchildren after their father (Ferrell's son) died unexpectedly and the children's mother is not able to work because she must watch and care for the children. *Id.*

Under the recently amended guidelines, two extraordinary and compelling reasons for release are (1) "the death or incapacitation of the caregiver of the defendant's minor child," U.S.S.G. § 1B1.13(b)(3)(A), and (2) "circumstances similar to those listed in paragraph[] (3)(A) . . . exist involving any other immediate family member" where "the defendant would be the only available caregiver" for them, U.S.S.G. § 1B1.13(b)(3)(D). The Court notes that the minor children are not Ferrell's children, rathe they are his grandchildren. Regardless, Ferrell has not provided evidence that the current caregiver for his grandchildren has died or is incapacitated or that he would be the only person available to provide care for them. He in fact concedes that the children's mother continues to provide such care. *See* U.S.S.G. § 1B1.13(b)(3)(A) (Nov. 2023). Though the Court is sympathetic to the difficulty that losing a co-parent places on a mother, there is no evidence that the children's mother is unable to work in addition to providing childcare as so many

parents throughout the country do. As such, the Court declines to exercise its discretion to find that Ferrell has met his burden to establish that care for his grandchildren is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

That leaves Ferrell with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Ferrell has made in prison and since his release are commendable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a stand-alone reason for compassionate release.") (cleaned up). The Court does not find that Ferrell's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

Even if the Court were to assume that Ferrell had established an extraordinary and compelling reason for release, the Court nevertheless finds that Ferrell is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] Weighing in his favor, Ferrell maintained employment during his incarceration and engaged in drug education and other programming while in BOP. Dkt. 260-1 at 6–8. Weighing

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

against him, Ferrell committed a serious crime and has an extensive criminal history including two prior felony convictions for dealing in cocaine or a narcotic and corrupt business influence, sexual misconduct with a minor and corrupt business influence. (Dkt. 261 at 9–10.) Ferrell has already received a substantial benefit in his sentence by his release from prison and is not scheduled to be released from supervision by the Detroit RRM until August 2024; thus, releasing him now would constitute an additional substantial reduction in his sentence.  Moreover, the time served in residential reentry helps an inmate adjust to life in the community, aids in finding employment and provides other services to prevent recidivism.

In light of these considerations, the Court finds that releasing Ferrell early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

### III.   Conclusion

For the reasons stated above, Ferrell's motion for compassionate release, dkt. [286], is **denied**.

**IT IS SO ORDERED.**

Date: 1/8/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel